## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS AGREEMENT AND GENERAL RELEASE ("Agreement") is entered into by and between CARLOS FLORES, DOB: _____, SS# _____ and his heirs, representatives, successors, and assigns on the one side and UNIVERSITY FOUNTAINS, LTD. and RILEA UNIVERSITY, CORP and their respective owners, managers, officers, directors, employees, agents, and attorneys, together with their successors and assigns both individually and in their corporate capacities (referred to collectively in this Agreement as "COMPANY") including ALAN OJEDA, on the other side.

### RECITALS

WHEREAS, FLORES is a plaintiff in an action claiming unpaid overtime wages styled, <u>Flores v. University Fountains, Ltd,</u> USDC Case No. No.10- 23995-CIV-BANDSTRA ("the Lawsuit"); and

WHEREAS, COMPANY denies it had any liability to FLORES whatsoever for unpaid wages or other compensation, but

WHEREAS, the parties desire to avoid the distraction and expense of further litigation and COMPANY and the Individuals wish to obtain a general release from FLORES of all claims,

NOW, THEREFORE, the parties do mutually agree:

1. The above recitations are true and correct and are incorporated into this Agreement.

2. In exchange for the promises made by the COMPANY in this Agreement, FLORES agrees to:

A. generally release, satisfy and forever discharge COMPANY and all of its owners, managers, directors, officers, employees, agents, and attorneys, together with their successors and assigns, in their individual and corporate capacities from any and all duties, claims, rights, complaints, charges, damage, costs, expenses, attorney's fees, debts, demands, actions, obligations, liabilities, and cause of action, of any and every kind, nature, and character whatsoever, whether known or unknown, whether cognizable in law, in equity, or before administrative bodies, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether foreseen or unforeseen, whether past, present, or future, whether fixed, liquidated, or contingent, which he ever had, now has, or may in the future claim to have had against COMPANY based on any act or omission concerning any matter, cause, or thing before the dates of this Agreement and up to the time of execution of this Agreement.  FLORES' released and discharged claims include, but are not limited to, claims and demands and actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq, as amended; the Americans with Disabilities Act, 42 U.S.C. 12101  et seq.; the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq; the Fair Labor Standards Act, 29 U.S.C. 201 et seq., as amended (including the Equal Pay Act); the Family and Medical Leave Act, 29 U.S.C. 2601 et seq; the Employee Retirement Income Security Act, as amended, 29 U.S.C. 1001 et seq; the Fair Credit Reporting Act,  15 U.S.C. §1681, et. seq.; the National Labor Relations Act, 7 U.S.C. § 141 et seq.; the Florida Civil Rights Act, as amended, Chapter 760; the Florida Private Whistleblower Act Section 448.101, et seq.; Section 440.205 dealing with retaliation under the Florida Worker's Compensation Act; all causes of action that can be asserted pursuant to Chapters 447 and 448, Florida

Statutes, as amended, including Florida minimum wage or overtime claims; Article X, Section 24 of the Florida Constitution or under any other federal, state or local statute or Act, ordinance, regulation, custom, rule or policy relating to or dealing with employment discrimination; claims for unpaid back wages or compensation; claims for breach of an contract, implied contract, or quantum meruit, or any cause of action or claim for tort damages, negligence or personal injury as a result of his association with COMPANY and the Individuals; and claims under any instruments, agreements, or documents entered into by, between, or among the parties (all of the foregoing are hereinafter referred to collectively as the "Released Claims") whether known or unknown, which FLORES ever had, now has or might in the future have against COMPANY based on any acts, omissions, transactions or occurrences whatsoever occurring or accruing prior to or on the date of the signing of this Agreement with the exception of the obligations and benefits provided by this Agreement.

FLORES acknowledges that with respect to the claims he is waiving and releasing, he is waiving not only his right to recover money or other relief in any action that he might institute, but also waiving his right to recover declaratory, injunctive, monetary, or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the State of Florida, the United States Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Labor ("DOL"), the National Labor Relations Board ("NLRB") or any other (U.S. or foreign) federal, state, or local agency or department. This unconditional general release shall apply regardless of whether or not such released claims are exclusively within the

jurisdiction of a court tribunal or administrative body other than the Court in which this litigation was filed.

FLORES also represents and agrees that he has no outstanding compensation, bonuses, commissions, or benefits due as of the date of this Agreement; that he suffered no injuries prior to the termination of his employment by COMPANY; that he has not waived any of the rights he is releasing; and that as of the date he signs this Agreement, he has no pending claims, complaints, charges, lawsuits or other proceedings against the COMPANY with any governmental agency, arbitrator, or any court and will not do so in the future based on any of the released claims.

B.  Move for dismissal of the Lawsuit with prejudice at the same time that he submits this Agreement under seal or in chambers to the Court for its approval;

C.  Not apply for, or seek employment with, or to do business with or on behalf of COMPANY or any other entity in which ALAN OJEDA has an ownership or management interest.  COMPANY or any other entity in which ALAN OJEDA has an ownership or management interest shall have no obligation to process an application for employment from FLORES or to accept any offer for services and any such refusal or failure to do so shall be solely on account of this Agreement;

D.  Indemnify, defend, and hold harmless COMPANY against any claims, losses, damages, or expenses brought or occasioned by or in connection with any claim for attorneys' fees, attorneys' charging liens, or any other type of claim, lien or interest claimed by any entity or third-party payer in and to the consideration paid under this Agreement; FLORES also represents that he has not assigned any rights being waived

or released under this Agreement and that he has not filed for bankruptcy either before or at time this Agreement is executed and entered into; and

E. Neither he nor any member of his family shall enter COMPANY's premises and business locations for any reason whatsoever and also agrees that he will not personally or through another person directly or indirectly contact employees who work for, or independent contractors who provide services to, COMPANY unless for reasons wholly personal;

3. FLORES acknowledges that the money and other benefits provided to him or on his behalf (as attorney's fees and costs) pursuant to this Agreement constitute adequate and ample consideration for the promises he makes in this Agreement and for waiving and releasing all claims in paragraph 2(a) above.

4. FLORES shall bear the sole responsibility for paying federal, state or local taxes on the Settlement Sum (as defined below) paid to him or on his behalf under this Agreement, except for that portion of the Settlement Sum attributable to back wages for which COMPANY is obligated to contribute employment taxes.

5. In exchange for the promises made by FLORES and upon is execution of this Agreement and approval of this Agreement by the Court, COMPANY agrees:

a. To pay the FLORES and his counsel the total settlement sum of twenty-four thousand dollars and no cents ($24,000.00) ("Settlement Sum") as consideration for entering into this Agreement and dismissing his lawsuit. The Settlement Sum shall be paid in three separate checks, one payable to FLORES in the amount of fifteen hundred dollars and no cents ($1500.00), less applicable payroll deductions as back wages; one in the

amount of eighty-five hundred dollars and no cents ($8,500.00) which includes an amount equal to back wages as liquidated damages, and additional consideration for obtaining a general release and the other promises made by FLORES in this Agreement, and the third payable to the law firm of J.H. ZIDELL, P.A. in the amount of fourteen thousand dollars and no cents ($14,000.00) representing eleven thousand nine hundred seventy eight dollars and forty-five cents ($11978.45) in attorney's fees and two thousand twenty one dollars and fifty-five cents ($2021.55) in costs.  The Settlement Sum shall be paid within ten (10) calendar days of the date the Court approves this Agreement. This Agreement shall not be submitted to the Court until after the expiration of the seven (7) day revocation period specified in paragraph 9 below unless the Court otherwise orders.

b. To provide a neutral reference to prospective employers which consists only of FLORES' dates of employment, last position held and last rate of pay.

6. This Agreement and the furnishing of consideration pursuant to this Agreement do not constitute an admission of any liability on the part of COMPANY for any wrongful, unlawful or tortious conduct and is being entered into for the sole purpose to avoid further distraction and litigation expenses.

7. Because of the voluntary undertaking of this Agreement, the parties and their present or future representatives, attorneys, or agents agree that they shall not disclose the existence and terms of this Agreement and the content of the discussions



pertaining to this Agreement, all of which shall be considered strictly confidential and a material condition of this Agreement, to anyone except the parties' attorneys, FLORES' spouse (if any), the Court, the Internal Revenue Service, or the parties' accountants, tax preparers or auditors. Should a party receive a subpoena or request for production that requires that party to produce a copy of this Agreement or testify about the negotiations for, existence or terms of this Agreement or the settlement of the Lawsuit, that party shall give the other party at least fourteen (14) calendar days' notice before responding to the subpoena or production request except in situations where less than fourteen (14) days are given for compliance with a subpoena or production request, in which case the party will give immediate notice to the other party. The parties further agree that if asked about the claims or demands made pursuant or related to the Lawsuit, the party shall state no more than "the matter was resolved." This paragraph shall also include the obligation to refrain from suggesting to anyone else that they act indirectly to make statements or take acts prohibited by this paragraph. The parties agree that if a breach of this paragraph is proven to have occurred to the satisfaction of a court of competent jurisdiction, then the enforcing party shall be entitled to injunctive relief and actual damages resulting from each breach including an award of attorneys fees and costs as provided for in paragraph 17 below.

9.   FLORES was encouraged to consult an attorney before signing this Agreement and acknowledges that he retained and actually consulted with his attorneys J.N. ZIDELL, P.A. before signing this Agreement, that he has had a reasonable amount of time within which to consider this Agreement and that it has been fully explained to him in English and in Spanish. FLORES acknowledges that he has been given at least

twenty-one (21) days to review and consider whether to sign this Agreement. FLORES acknowledges that if he signs this Agreement before the twenty-one (21) day period expires, he will have done so freely and voluntarily. FLORES also acknowledges that he has the right to revoke this Agreement within seven (7) calendar days of the date he signed it. FLORES understands this Agreement will not be effective until the expiration of this seven (7) day period. If FLORES decides to revoke this Agreement, he must hand-deliver or fax Leslie W. Langbein, Esq., written notification that he revoked the Agreement within the seven (7) day period at defense counsel's address of 8181 NW 154th Street, Suite 105, Miami Lakes, FL 33016, Fax (305) 556-3647.

10. COMPANY represents that the person who signs this Agreement has been given sufficient authority to enter into this Agreement and bind it to the obligations provided herein.

11. Except as otherwise provided in this Agreement, each party agrees to be responsible for its own attorney's fees and costs and not to seek any attorney's fees from the other party in connection with the Lawsuit. Each party agrees to be responsible for any future costs that may be assessed or incurred against it, including any costs imposed by the Court.

12. This Agreement constitutes the complete understanding by and between the parties and supersedes any previous agreement or arrangement regarding employment between them, except any Non-Solicitation/Non-Disclosure/Non-Competition agreements. No other promise or agreements shall be binding unless signed by the parties to this Agreement and no changes can be made to this Agreement unless in writing and signed by both parties.

13. The parties agree that this Agreement may be used as evidence only in a subsequent proceeding in which one of the parties alleges a breach of this Agreement and FLORES agrees that his counsel may not use this Agreement as evidence to establish willfulness in any future lawsuit against COMPANY or against any other entity in which ALAN OJEDA has an ownership or management interest.

14. The laws of the State of Florida shall govern the interpretation and enforcement of this Agreement. In the event of a dispute concerning this Agreement, venue shall be set in Miami-Dade County, Florida in the District Court of the Southern District of Florida or any other court of competent jurisdiction. The District Court of the Southern District shall retain jurisdiction to enforce or interpret this Agreement.

15. This Agreement shall be binding upon the parties and inure to the benefit or detriment of their respective heirs, executors, administrators, assigns, successors, beneficiaries, and agents.

16. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining terms and provisions shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law and the Court shall have the authority to reform the Agreement as necessary to make the remaining provisions valid.

17. Any breach of any term, provision, or obligation of this Agreement by a party shall entitle the other party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

18. The parties acknowledge and assume the risk that facts, additional and different or contrary to the facts which they believe to exist, may now exist or may be discovered after this Agreement has been entered, and the parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

19. Any notices required to be made under this Agreement shall be made in writing and delivered by U.S. certified mail, by personal delivery, or by facsimile with confirmed receipt to the addresses below:

If to FLORES

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

If to COMPANY

Langbein & Langbein, P.A.
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016

20. This Agreement may be executed in counterparts, all of which shall be considered a part of the original.

INTENDING to be legally bound, the parties sign this Agreement on the date indicated next to their signatures.

CARLOS FLORES

Print Name _Carlos A. Flores_

Date: _10/17/12_

COUNTY OF MIAMI-DADE
STATE OF FLORIDA

Sworn to and subscribed before me this __17__ day of October ___ 2012 by CARLOS FLORES who is personally known to me __✓__ or who produced _____FDL_____ as identification

_____
NOTARY PUBLIC AT LARGE

CARIDAD SIUTA
Commission # DD 999626
Expires July 26, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

UNIVERSITY FOUNTAINS, LTD. on its own behalf and on behalf of all others included in the definition of "COMPANY"

By: _____
         General Manager

Date: __Oct. 24. 2012__